LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-06939 BRO (PLAx) | Date | September 12, 2014 |
|---|---|---|---|
| Title | DAVID KLEIS V. ESTATE OF DENNIS LEUNG ET AL | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

## ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

A federal court must determine its own jurisdiction even if there is no objection. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Because federal courts are of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction may be established pursuant to 28 U.S.C. § 1332(a)(1). Jurisdiction under §1332 requires that the parties be completely diverse and the amount in controversy exceed $75,000. 28 U.S.C. §1332(a)–(b). A district court may inquire at any time whether the requirements for diversity jurisdiction are met. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). A plaintiff must allege facts in the pleading establishing jurisdiction. *Id.*

The Court **ORDERS** Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff must respond by September 22, 2014.

**IT IS SO ORDERED.**                                                                 :

                                                                  Initials of Preparer         rf